1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

7

## EASTERN DISTRICT OF CALIFORNIA

8

| | |
|---|---|
| 9  PHILLIP DeMONTE, | Case No. 1:16-cv-00116-LJO-SKO (PC) |
| 10        Plaintiff, | **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |
| 11    v. | **(Doc. 1)** |
| 12  Dr. LYLE GRIFFITH, | |
| 13        Defendant. | **THIRTY-DAY DEADLINE** |
| 14 | |

15
16

## INTRODUCTION

17

### A.    Background

18      Plaintiff, Jesse Validvia, Jr., is a state prisoner proceeding *pro se* and *in forma pauperis* in

19 this civil rights action pursuant to 42 U.S.C. § 1983.  As discussed below, Plaintiff fails to state a

20 cognizable claim upon which relief may be granted and the Complaint is DISMISSED with leave

21 to file a first amended complaint.

22

### B.    Screening Requirement and Standard

23      The Court is required to screen complaints brought by prisoners seeking relief against a

24 governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

25 The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

26 legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

27 that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

28

1

§ 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

### C.   Pleading Requirements

#### 1.   Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions.  *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Swierkiewicz*, 534 U.S. at 512.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555.  Factual allegations are accepted as true, but legal conclusions are not.  *Iqbal.* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of *pro se* prisoners are still construed liberally and are afforded the benefit of any doubt.  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation

2

omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

Further, "repeated and knowing violations of Federal Rule of Civil Procedure 8(a)'s 'short and plain statement' requirement are strikes as 'fail[ures] to state a claim,' 28 U.S.C. § 1915(g), when the opportunity to correct the pleadings has been afforded and there has been no modification within a reasonable time." *Knapp v. Hogan*, 738 F.3d 1106, 1108-09 (9th Cir. 2013).

If he chooses to file a first amended complaint, Plaintiff should make it as concise as possible. He should simply state which of his constitutional rights he believes were violated by the defendant and set forth the supporting facts. Plaintiff need not and should not cite legal authority for his claims in a first amended complaint. His factual allegations are accepted as true and need not be bolstered by legal authority at the pleading stage. If Plaintiff files a first amended complaint, his factual allegations will be screened under the legal standards and authorities set forth in this order.

### 2. Linkage and Causation

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Crowley v. Nevada ex rel. Nevada Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012) (citing *Graham v. Connor*, 490 U.S. 386, 393-94 (1989)) (internal quotation marks omitted). To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

3

Plaintiff's allegations must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969. However, prisoners proceeding *pro se* in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. *Hebbe*, 627 F.3d at 342.

As an initial matter, Plaintiff's pleading is defective because there is no basis to find that Dr. Griffith is a state actor for purposes of section 1983. In fact, Plaintiff requests relief in the form of being seen by an "outside urologist different from Dr. Griffith." (Doc. 1, p. 13.) It appears that Dr. Griffith is a surgeon who treated Plaintiff at an outside hospital and is not an employee of the California Department of Corrections and Rehabilitation to qualify as a state actor under section 1983.

### 3.   Use of Exhibits

Originals, or copies of evidence (i.e., prison or medical records, witness affidavits, etc.) need not be submitted until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the Court). If Plaintiff attaches exhibits to his amended complaint, each exhibit must be specifically referenced. Fed. R. Civ. Pro. 10(c). For example, Plaintiff must state "see Exhibit A" to direct the Court to the specific exhibit Plaintiff is referencing. If the exhibit consists of more than one page, Plaintiff must reference the specific page of the exhibit (i.e. "See Exhibit A, page 3").

At this juncture, the submission of evidence is premature as Plaintiff is only required to state a *prima facie* claim for relief. For screening purposes, the Court must assume that Plaintiff's factual allegations are true. It is unnecessary for a plaintiff to submit exhibits in support of the allegations in a complaint. Thus, if Plaintiff chooses to file a first amended complaint, he should simply state the facts upon which he alleges each Defendant has violated his constitutional rights

1    and refrain from submitting exhibits.

2                                     **DISCUSSION**

3          **A.      Plaintiff's Allegations**

4          Plaintiff is currently incarcerated at Avenal State Prison ("ASP") in Avenal, California.

5    Plaintiff alleges that he was diagnosed with Peyronies Plaque for which Dr. Griffith performed

6    surgery on November 7, 2012.  Approximately one week after the surgery, Plaintiff realized that

7    he could no longer achieve an erection.  Plaintiff asserts claims against Dr. Griffith based on the

8    surgery and subsequent complications.  Plaintiff seeks monetary relief, examination by an outside

9    urologist, and to have surgery to rectify the negative effects of Dr. Griffith's surgery.

10         Plaintiff's allegations do not amount to a cognizable claim for relief under section 1983.

11   Indeed, it appears that this action would be more appropriately brought under state law in the

12   Superior Court than in this Court.  However, Plaintiff is given the applicable legal standards and

13   opportunity to file an amended complaint.

14         **B.      Legal Standards**

15                **1.      Eighth Amendment -- Deliberate Indifference**

16         Prison officials violate the Eighth Amendment if they are "deliberate[ly] indifferen[t] to [a

17   prisoner's] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  "A medical need

18   is serious if failure to treat it will result in ' "significant injury or the unnecessary and wanton

19   infliction of pain." ' " *Peralta v. Dillard*, 744 F.3d 1076, 1081-82 (2014) (quoting *Jett v. Penner*,

20   439 F.3d 1091, 1096 (9th Cir.2006) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th

21   Cir.1992), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th

22   Cir.1997) (en banc))

23         To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must

24   first "show a serious medical need by demonstrating that failure to treat a prisoner's condition

25   could result in further significant injury or the unnecessary and wanton infliction of pain.  Second,

26   the plaintiff must show the defendants' response to the need was deliberately indifferent."

27   *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (quoting *Jett v. Penner*, 439 F.3d 1091,

28                                           5

1096 (9th Cir. 2006) (quotation marks omitted)).

"Indications that a plaintiff has a serious medical need include the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic or substantial pain." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (citation and internal quotation marks omitted); *accord Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000).  For screening purposes, Plaintiff's Peyronies Plaque and post-surgical condition are accepted as serious medical needs.

Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.' "  *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Whitley*, 475 U.S. at 319).  Deliberate indifference is shown where a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.*, at 847.  Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir.2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.' " *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

In medical cases, this requires showing:  (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference.  *Wilhelm*, 680 F.3d at 1122 (quoting *Jett*, 439 F.3d at 1096).  More generally, deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* (internal quotation marks omitted).  Under *Jett*, "[a] prisoner need not show his harm was substantial." *Id.*;

6

*see also McGuckin*, 974 F.2d at 1060 ("[A] finding that the defendant's activities resulted in 'substantial' harm to the prisoner is not necessary."). Furthermore, a "difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012) (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)), *overruled in part on other grounds*, *Peralta v. Dillard*, 744 F.3d 1076, 1082-83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122-23 (9th Cir. 2012) (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." *Snow*, 681 F.3d at 988 (citing *Jackson*, 90 F.3d at 332) (internal quotation marks omitted).

If Dr. Griffith is a state actor, which is not supported by the pleading, Plaintiff fails to state any allegations to show that Dr. Griffith was deliberately indifferent to his medical condition. Performing the wrong surgery, or performing the correct surgery ineptly are not actionable as "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106 (1977); *Snow v. McDaniel*, 681 F.3d 978, 987-88 (9th Cir. 2012), *overruled in part on other grounds*, *Peralta v. Dillard*, 744 F.3d 1076, 1082-83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012). Even assuming Dr. Griffith erred, an Eighth Amendment claim may not be premised on even gross negligence by a physician. *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). Finally, Plaintiff's allegations that Dr. Griffith became very aggressive and hostile when Plaintiff attempted to address the issue with him are also not cognizable as neither threats, nor verbal harassment, and even using racial epithets, are actionable. *See Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (mere verbal harassment or abuse, including the use of racial epithets, is not sufficient to state a constitutional deprivation under section 1983; *see also Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (threats do not rise to the level of a constitutional violation).

//

7

Thus, Plaintiff fails to state a cognizable claim under section 1983 against Dr. Griffith for deliberate indifference to his serious medical needs in violation of the Eighth Amendment.

### 2.    California State Law Claims

Plaintiff asserts claims for medical malpractice and negligence against Dr. Griffith under California law.

Under the California Tort Claims Act ("CTCA"), set forth in California Government Code sections 810 et seq., a plaintiff may not bring a suit for monetary damages against a public employee or entity unless the plaintiff first presented the claim to the California Victim Compensation and Government Claims Board ("VCGCB" or "Board"), and the Board acted on the claim, or the time for doing so expired. "The Tort Claims Act requires that any civil complaint for money or damages first be presented to and rejected by the pertinent public entity." *Munoz v. California*, 33 Cal.App.4th 1767, 1776, 39 Cal.Rptr.2d 860 (1995). The purpose of this requirement is "to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation." *City of San Jose v. Superior Court*, 12 Cal.3d 447, 455, 115 Cal.Rptr. 797, 525 P.2d 701 (1974) (citations omitted). Compliance with this "claim presentation requirement" constitutes an element of a cause of action for damages against a public entity or official. *State v. Superior Court (Bodde)*, 32 Cal.4th 1234, 1244, 13 Cal.Rptr.3d 534, 90 P.3d 116 (2004). Thus, in the state courts, "failure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to a demurrer for failure to state a cause of action." *Id*. at 1239, 13 Cal.Rptr.3d 534, 90 P.3d 116 (fn.omitted).

To be timely, a claim must be presented to the VCGCB "not later than six months after the accrual of the cause of action." Cal. Govt.Code § 911.2. Thereafter, "any suit brought against a public entity" must be commenced no more than six months after the public entity rejects the claim. Cal. Gov. Code, § 945.6, subd. (a)(1). Plaintiff's claim was rejected by the VCGCB since he filed it more than a year after from the date of the incident that is the basis of his claim.

//

8

Federal courts must require compliance with the CTCA for pendant state law claims that seek damages against state employees or entities. *Willis v. Reddin*, 418 F.2d 702, 704 (9th Cir.1969); *Mangold v. California Public Utilities Commission*, 67 F.3d 1470, 1477 (9th Cir.1995). State tort claims included in a federal action, filed pursuant to 42 U.S.C. § 1983, may proceed only if the claims were first presented to the state in compliance with the applicable requirements. *Karim-Panahi v. Los Angeles Police Department*, 839 F.2d 621, 627 (9th Cir.1988); *Butler v. Los Angeles County*, 617 F.Supp.2d 994, 1001 (C.D.Cal.2008).

Plaintiff fails to state any allegations which show his claim was timely filed with the VCVGB, or any other basis to find that he complied with the CTCA so he may be allowed to pursue claims under California law in this action.

### a.    Negligence

"An action in negligence requires a showing that the defendant owed the plaintiff a legal duty, that the defendant breached the duty, and that the breach was a proximate or legal cause of injuries suffered by the plaintiff. [Citations.]" *Regents of the Univ. of California v. Superior Court of Los Angeles Cty.*, 240 Cal. App. 4th 1296, 1310, 193 Cal. Rptr. 3d 447, 458 (2015), *reh'g denied* (Oct. 26, 2015) quoting *Ann M. v. Pacific Plaza Shopping Center* (1993) 6 Cal.4th 666, 673, 25 Cal.Rptr.2d 137, 863 P.2d 207 (*Ann M.*) [disapproved on another ground in *Reid v. Google, Inc.* (2010) 50 Cal.4th 512, 527, fn. 5, 113 Cal.Rptr.3d 327, 235 P.3d 988].)

"In order to establish liability on a negligence theory, a plaintiff must prove duty, breach, causation and damages. The threshold element of a cause of action for negligence is the existence of a duty to use due care toward an interest of another that enjoys legal protection against unintentional invasion. Whether this essential prerequisite to a negligence cause of action has been satisfied in a particular case is a question of law to be resolved by the court. To say that someone owes another a duty of care is a shorthand statement of a conclusion, rather than an aid to analysis in itself. Duty is not sacrosanct in itself, but only an expression of the sum total of those considerations of policy which lead the law to say that the particular plaintiff is entitled to protection. Legal duties are not discoverable facts of nature, but merely conclusory expressions

that, in cases of a particular type, liability should be imposed for damage done." *Los Angeles Memorial Coliseum Commission v. Insomaniac, Inc.* 233 Cal.App.4th 803, 908 (2015) (citations and quotations omitted).

Plaintiff fails to state any allegations to meet the elements of a negligence claim under California Law.

### b.     Medical Malpractice

"The elements of a medical malpractice claim are (1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and resulting injury; and (4) actual loss or damage resulting from the professional's negligence." *Avivi v. Centro Medico Urgente Medical Center*, 159 Cal.App.4th 463, 468, n. 2, 71 Cal.Rptr.3d 707 (Ct.App.2008) (internal quotations and citation omitted); *Johnson v. Superior Court*, 143 Cal.App.4th 297, 305, 49 Cal.Rptr.3d 52 (2006).

Medical professionals are negligent if they fail to use the level of skill, knowledge, and care in diagnosis and treatment that other reasonably careful medical professional would use in the same or similar circumstances.  This level of skill, knowledge, and care is sometimes referred to as "the standard of care" and can usually only be opined by other medical professionals. *Landeros v. Flood*, 17 Cal.3d 399, 408 (1976); *see also Brown v. Colm*, 11 Cal.3d 639, 642–643 (1974); *Mann v. Cracchiolo*, (1985) 38 Cal.3d 18, 36; and Judicial Council of California Civil Jury Instruction 500, Summer 2008 Supplement Instruction.

Plaintiff fails to state any allegations to show that Dr. Griffith breached the applicable standard of care in his care and treatment of Plaintiff.

### 3.     Injunctive Relief

Plaintiff seeks injunctive relief by way of examination by an outside urologist other than Dr. Griffith and for corrective medical action to reverse the negative side-effects he has allegedly suffered from Dr. Griffith's surgery.

//

As an initial matter and as stated in the recently issued screening order, Plaintiff has not stated a cognizable claim upon which relief may be granted; thus, there is no actual case or controversy before the Court at this time and Court lacks the jurisdiction to issue the orders sought by Plaintiff. *Summers v. Earth Island Institute*, 129 S.Ct. 1142, 1149 (2009); *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1119 (9th Cir. 2009); 18 U.S.C. § 3626(a)(1)(A).  ).  If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question.  *Id.*

Further, Plaintiff must establish that he has standing to seek preliminary injunctive relief. *Summers v. Earth Island Institute*, 555 U.S. 488, 493-94 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010).  Plaintiff "must show that he is under threat of suffering an 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury."  *Summers*, 555 U.S. at 493 (citation and quotation marks omitted); *Mayfield*, 599 F.3d at 969.

The claims which Plaintiff alleges in this action arise from events which occurred while he was housed at Pleasant Valley State Prison ("PVSP").  Plaintiff is currently housed at ASP, and lacks standing to seek relief directed at remedying his current conditions of confinement at PVSP.  His requests for injunctive medical relief to remedy his conditions PVSP were also rendered moot upon his transfer to ASP.   *See Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995); *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991).

The pendency of this action also does not give the Court jurisdiction over prison officials in general or over Plaintiff's medical issues.  *Summers v. Earth Island Institute*, 555 U.S. 488, 492-93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010).  The Court's jurisdiction is limited to the parties in this action and to those claims that are found to be cognizable.  *Summers*, 129 S.Ct. at 1148-49; *Mayfield*, 599 F.3d at 969.

Plaintiff does not seek a temporary restraining order and/or preliminary injunction against any of the Defendants who remain in this action.  "A federal court may issue an injunction if it

has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court*." *Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).  Thus, Plaintiff's request for injunctive medical relief must be denied for lack of jurisdiction over prison staff who would be responsible for ordering and securing Plaintiff medical care by an outside urologist. Plaintiff's request for preliminary injunction is, therefore, denied.

## **ORDER**

For the reasons set forth above, Plaintiff's Complaint is dismissed with leave to file a first amended complaint, or a notice of voluntary dismissal.  If Plaintiff needs an extension of time to comply with this order, Plaintiff shall file a motion seeking an extension of time no later than thirty (30) days from the date of service of this order.

Plaintiff must demonstrate in any first amended complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980).  The first amended complaint must allege in specific terms how each named defendant is involved.  There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's first amended complaint should be brief.  Fed. R. Civ. P. 8(a).  Such a short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  *Twombly*, 550 U.S. 127, 555 (2007) (citations omitted).

Plaintiff is further reminded that an amended complaint supercedes the original, *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and must be "complete in itself without reference to the prior or superceded

pleading," Local Rule 220.

The Court provides Plaintiff with opportunity to amend to cure the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Based on the foregoing, it is HEREBY ORDERED that:

1.   Plaintiff's Complaint is dismissed, with leave to amend;

2.   The Clerk's Office shall send Plaintiff a civil rights complaint form;

3.   Within **thirty (30) days** from the date of service of this order, Plaintiff must file either:

   a.   a first amended complaint curing the deficiencies identified in this order; or

   b.   a notice of voluntary dismissal; and

5.   If Plaintiff fails to comply with this order, it will be recommended that this action be dismissed for failure to obey a court order and for failure to state a cognizable claim.

IT IS SO ORDERED.

Dated:   **December 19, 2016**                    /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE