# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP DeMONTE,<br><br>    Plaintiff,<br><br>v.<br><br>Dr. LYLE GRIFFITH,<br><br>    Defendant. | Case No. 1:16-cv-00116-LJO-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS WITH PREJUDICE FOR FAILURE/INABILITY TO STATE A CLAIM**<br><br>**(Doc. 15)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

## **FINDINGS**

### A. Background

Plaintiff, Phillip DeMonte, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. As discussed below, this action should be DISMISSED since Plaintiff fails to state a cognizable claim.

### B. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). If an action is dismissed on one of these three bases, a strike is imposed pursuant to 28 U.S.C. § 1915(g). An inmate who has had three or more prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted,

1

and has not alleged imminent danger of serious physical injury does not qualify to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(g); *Richey v. Dahne*, 807 F.3d 1201, 1208 (9th Cir. 2015).

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) a right secured by the Constitution or laws of the United States was violated and (2) the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

**C.     Summary of the First Amended Complaint**

Plaintiff is currently incarcerated at Avenal State Prison ("ASP") in Avenal, California. Plaintiff alleges he was seen by Dr. Griffith for urinary incontinence. Dr. Griffith confused Plaintiff with another inmate and misdiagnosed Plaintiff with urethral stricture and Peyronies Plaque Disease. Dr. Griffith performed surgery on Plaintiff to remove the plaque on November 7, 2012. Approximately one or two weeks following surgery, Plaintiff realized he could no longer achieve an erection. Plaintiff asserts claims against Dr. Griffith based on the surgery and subsequent complications. Plaintiff seeks monetary relief, examination by an outside urologist, and to have surgery to rectify the adverse effects of Dr. Griffith's surgery.

As discussed below, Plaintiff was previously given the applicable standards which indicated he does not have a cognizable claim based on medical malpractice. Plaintiff, however, persists in his allegations and again fails to state a cognizable claim. Indeed, it appears that this action would be more appropriately brought as a state action in the Superior Court. As it appears that Plaintiff is unable to state a cognizable claim, this action is properly dismissed with prejudice.

//

//

**D.     Pleading Requirements**

   **1.     Federal Rule of Civil Procedure 8(a)**

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512. Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true, but legal conclusions are not. *Iqbal.* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of pro se prisoners are still construed liberally and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969.

**DISCUSSION**

**A.     Plaintiff's Claims**

   **1.     Eighth Amendment -- Deliberate Indifference**

Prison officials violate the Eighth Amendment if they are "deliberate[ly] indifferen[t] to [a

prisoner's] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "A medical need is serious if failure to treat it will result in ' "significant injury or the unnecessary and wanton infliction of pain." ' " *Peralta v. Dillard*, 744 F.3d 1076, 1081-82 (2014) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.2006) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1992), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir.1997) (en banc))

To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must first "show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendants' response to the need was deliberately indifferent." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quotation marks omitted)).

"Indications that a plaintiff has a serious medical need include the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic or substantial pain." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (citation and internal quotation marks omitted); *accord Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000). For screening purposes, Plaintiff's Peyronies Plaque, urethral stricture, and post-surgical condition are accepted as serious medical needs.

Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.' " *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Whitley*, 475 U.S. at 319). Deliberate indifference is shown where a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.*, at 847. Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir.2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also

4

draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

In medical cases, this requires showing: (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. *Wilhelm*, 680 F.3d at 1122 (quoting *Jett*, 439 F.3d at 1096). More generally, deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* (internal quotation marks omitted). Under *Jett*, "[a] prisoner need not show his harm was substantial." *Id.*; *see also McGuckin*, 974 F.2d at 1060 ("[A] finding that the defendant's activities resulted in 'substantial' harm to the prisoner is not necessary."). Furthermore, a "difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012) (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)), *overruled in part on other grounds*, *Peralta v. Dillard*, 744 F.3d 1076, 1082-83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122-23 (9th Cir. 2012) (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986)). Instead, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." *Snow*, 681 F.3d at 988 (citing *Jackson*, 90 F.3d at 332) (internal quotation marks omitted).

If Dr. Griffith is a state actor, which is not supported by the pleading, Plaintiff fails to state any allegations to show that Dr. Griffith was deliberately indifferent to his medical condition. As stated in the prior screening order, performing the wrong surgery, or performing the correct surgery ineptly is not actionable as "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106 (1977); *Snow v. McDaniel*, 681 F.3d 978, 987-88 (9th Cir. 2012), *overruled in part on other grounds*, *Peralta v. Dillard*, 744 F.3d 1076, 1082-83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680

5

F.3d 1113, 1122 (9th Cir. 2012). Even assuming Dr. Griffith erred, an Eighth Amendment claim may not be premised on even gross negligence by a physician. *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). Likewise, failure to fully inform Plaintiff of the risks and benefits of a procedure (i.e. failure of informed consent) at most equates to negligence and is not actionable under the Eighth Amendment. Thus, Plaintiff fails to state a cognizable claim under section 1983 against Dr. Griffith for deliberate indifference to his serious medical needs in violation of the Eighth Amendment.

### 2. California State Law Claims

Plaintiff asserts claims for medical malpractice and negligence against Dr. Griffith under California law. As stated in the prior screening order, the California Tort Claims Act ("CTCA"), set forth in California Government Code sections 810 et seq., prohibits a suit for monetary damages against a public employee or entity unless the plaintiff first presented the claim to the California Victim Compensation and Government Claims Board ("VCGCB" or "Board"), and the Board acted on the claim, or the time for doing so expired. "The Tort Claims Act requires that any civil complaint for money or damages first be presented to and rejected by the pertinent public entity." *Munoz v. California*, 33 Cal.App.4th 1767, 1776, 39 Cal.Rptr.2d 860 (1995). The purpose of this requirement is "to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation." *City of San Jose v. Superior Court*, 12 Cal.3d 447, 455, 115 Cal.Rptr. 797, 525 P.2d 701 (1974) (citations omitted). Compliance with this "claim presentation requirement" constitutes an element of a cause of action for damages against a public entity or official. *State v. Superior Court (Bodde)*, 32 Cal.4th 1234, 1244, 13 Cal.Rptr.3d 534, 90 P.3d 116 (2004). Thus, in the state courts, "failure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to a demurrer for failure to state a cause of action." *Id*. at 1239, 13 Cal.Rptr.3d 534, 90 P.3d 116 (fn.omitted).

To be timely, a claim must be presented to the VCGCB "not later than six months after the accrual of the cause of action." Cal. Govt.Code § 911.2. Thereafter, "any suit brought against a public entity" must be commenced no more than six months after the public entity rejects the

claim. Cal. Gov. Code, § 945.6, subd. (a)(1). Plaintiff neither attaches his VCGCB claim, nor states any allegations to show compliance in the First Amended Complaint. An attachment to the original Complaint, however, revealed that Plaintiff's claim was rejected by the VCGCB since he filed it more than a year after from the date of the incident that is the basis of his claim.

Federal courts must require compliance with the CTCA for pendant state law claims that seek damages against state employees or entities. *Willis v. Reddin*, 418 F.2d 702, 704 (9th Cir.1969); *Mangold v. California Public Utilities Commission*, 67 F.3d 1470, 1477 (9th Cir.1995). State tort claims included in a federal action, filed pursuant to 42 U.S.C. § 1983, may proceed only if the claims were first presented to the state in compliance with the applicable requirements. *Karim-Panahi v. Los Angeles Police Department*, 839 F.2d 621, 627 (9th Cir.1988); *Butler v. Los Angeles County*, 617 F.Supp.2d 994, 1001 (C.D.Cal.2008). Thus, Plaintiff may not pursue claims under California law in this action as he fails to show timely compliance with the CTCA.

**RECOMMENDATION**

Plaintiff's First Amended Complaint fails to state a cognizable claim. Given Plaintiff's persistence in attempting to state a causes of action that he as previously been advised are not actionable, it appears futile to allow further amendment. Plaintiff should not be granted leave to amend as the defects in his pleading are not capable of being cured through amendment. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012).

Accordingly, it is **HEREBY RECOMMENDED** that this action be dismissed with prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within twenty-one (21) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391,

1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 28, 2017**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE